IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV371

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> Vs. <br><br> BIO-MARK INTERNATIONAL, INC.; THE BURGESS GROUP, INC., d/b/a SIMPLY WEIGHT LOSS; and SENTRY MANUFACTURING, f/k/a SENTRY SUPPLEMENT COMPANY, <br><br> Defendants. | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Plaintiff's motion for entry of default judgment.

In the complaint, filed November 16, 2006, counsel discloses that Nationwide Mutual Fire Insurance Company (Nationwide) became involved in this matter through a policy of insurance issued to Bio-Mark International, Inc. (Bio-Mark). According to the complaint, Darrell Burns sued Simply Weight Loss and The Burgess Group, Inc., in the United States District Court for the District of South Carolina in 2004 in connection

with the death of his decedent from a product containing ephedra.  In that lawsuit, The Burgess Group brought a third-party complaint against Bio-Mark for negligent testing of the product.  And, Bio-Mark then brought a fourth-party complaint against Sentry Manufacturing.  However, the case was transferred to the United States District Court for the Southern District of New York for inclusion in the multi-district litigation involving ephedra products liability and the case remains pending.

Despite the pendency of that case, Plaintiff seeks a declaratory judgment in this Court that it has no obligation to provide a defense to Bio-Mark in that litigation.  The Court can conceive of no reason why this Court should become involved in an action originally brought in South Carolina which is now pending before the multi-district litigation panel when all of the parties have already been brought before those two courts.  Every defendant named in this complaint has already been sued in South Carolina and the case is now pending in New York.  It would be appropriate for Nationwide to intervene in that action.  Prosecuting the case here has the potential for inconsistent results.

**IT IS, THEREFORE, ORDERED** that the motion for entry of default judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that on or before 30 days from entry of this Order, Nationwide shall file notice of dismissal or show cause why this case should not be dismissed.

Signed: March 23, 2007

Lacy H. Thornburg
United States District Judge