IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV371

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>BIO-MARK INTERNATIONAL, INC.; )<br>THE BURGESS GROUP, INC., d/b/a )<br>SIMPLY WEIGHT LOSS; and )<br>SENTRY MANUFACTURING, f/k/a )<br>SENTRY SUPPLEMENT COMPANY, )<br>)<br>Defendants. )<br>) | O R D E R |

**THIS MATTER** is before the Court on the response of Nationwide Mutual Fire Insurance Company (Nationwide) to the Order to Show Cause, filed March 23, 2007.

In that Order, the undersigned made the following observations:

In the complaint, filed November 16, 2006, counsel discloses that [Nationwide] became involved in this matter through a policy of insurance issued to Bio-Mark International, Inc. (Bio-Mark). According to the complaint, Darrell Burns sued Simply Weight Loss and The Burgess Group, Inc., in the United States District Court for the District of South Carolina in 2004 in connection with the death of his decedent from a product

containing ephedra. In that lawsuit, The Burgess Group brought a third-party complaint against Bio-Mark for negligent testing of the product. And, Bio-Mark then brought a fourth-party complaint against Sentry Manufacturing. However, the case was transferred to the United States District Court for the Southern District of New York for inclusion in the multi-district litigation involving ephedra products liability and the case remains pending. Despite the pendency of that case, Plaintiff seeks a declaratory judgment in this Court that it has no obligation to provide a defense to Bio-Mark in that litigation.

**Order, filed March 23, 2007, at 2-3.**

In response to that Order, Nationwide discloses the following: (1) Nationwide issued a liability policy for Bio-Mark which was in effect during the time at issue; (2) "Nationwide is of the opinion that Bio-Mark has no coverage for the allegations contained in the *Burns* tort lawsuit and has informed Bio-Mark of this fact by way of reservations of rights letters[;]" (3) "Nationwide has chosen to defend the tort lawsuit under a full reservation of rights and provided counsel to Bio-Mark in the *Burns* tort lawsuit."

**Plaintiff's Memorandum of Law, filed April 20, 2007, at 1-2.** According to Nationwide, the tort action which was transferred to the Southern District of New York does not involve issues of whether it should provide liability insurance coverage for Bio-Mark. Nonetheless, Nationwide is providing a defense in that action as if coverage does exist.

Nationwide cites *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409 (4th Cir. 2004), in support of its argument that this Court may entertain jurisdiction over an action to declare whether it must provide a defense in the case pending in a federal court in New York. However, that case dealt with a parallel state court action, not a parallel federal court case. Moreover, the *Penn-American* court specifically noted that "the district court was presented with the task of determining whether *the allegations* of the complaint, if proved, would bring the claim within the coverage of the Penn-America policy." *Id.* **at 413.** Nationwide has failed to place the actual insurance contract before the Court.

In addition, Nationwide admits that it is providing a defense to Bio-Mark in the New York federal action. Therefore, it would appear that Court should make the determination of whether the insurance policy at issue requires coverage and continuing defense. Likewise, the case originally began in federal court in South Carolina, which also would be a proper forum.

> When two federal courts are asked to exercise jurisdiction over the same subject matter, "the general principle is to avoid duplicative litigation." The subject matter of two actions will be considered the same for this purpose when claims in one action arise from the same transactions or occurrences as those in another action[.]

*A. Arenson Holdings, Ltd. v. Shamrock Holdings of Cal., Inc.*, 2005 WL 3116089, *1 (W.D.N.C. 2005) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). There is no reason why either the New York or South Carolina court would have been any less capable than this one in declaring the scope of the insurance coverage. *Id.* Indeed, it appears that the filing of this action in this District was procedural fencing, perhaps to avoid the multi-district forum.

    **IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to reconsider is hereby **DENIED.**

    **IT IS FURTHER ORDERED** that, on or before 15 days from entry of this Order, Nationwide shall file an appropriate pleading advising the Court whether it requests the Court to dismiss this action without prejudice, to transfer this action to the Southern District of New York, or to transfer this action to the District of South Carolina.

Signed: April 26, 2007

Lacy H. Thornburg
United States District Judge